**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Bret F. MANESS, Defendant—
Appellant.**

No. 04–30004.
D.C. No. CR–03–00077–a–RRB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2004.

Decided Oct. 25, 2004.

USAK–Office of the U.S. Attorney Federal, Anchorage, AK, for Plaintiff–Appellee.

James A. Goeke, Gov, Kevin F. McCoy, Esq., Anchorage, AK, for Defendant–Appellant.

Before HALL, KLEINFELD, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Brett Maness challenges his conviction under 18 U.S.C. § 922(g) of being a felon in possession of a firearm. We affirm this conviction, and defer our decision of the resentencing issue.

1). Even assuming that the shackling order was an abuse of discretion, the order did not prejudice Maness, so it did not deprive him of due process of law. In this case, as in *United States v. Collins,* 109 F.3d 1413, 1418 (9th Cir.1997), "there is no evidence the jury was aware that [the defendant] was shackled or restrained." The district judge took care that the jury never knew that Maness's ankles were in restraints. The judge personally verified that the jury could not see Maness's shackles by walking over to the jury box and looking at the defense counsel table. The judge ordered the shackles temporarily removed during voir dire, when jurors were sitting behind Maness and could see his feet. And the judge permitted Maness to walk to and from the witness stand when he testified. Nothing in the record suggests that the shackling order had the potential to affect the verdict.

2). The district court did not abuse its discretion in restricting Maness's testimony. Whether Alaska state troopers shot Maness in the back was not relevant to whether he was a felon in possession of a firearm or ammunition.

3). Nor did the district court abuse its discretion in declining to instruct the jury on the justification or duress defenses. Maness failed to present sufficient evidence establishing that he had no reasonable alternative to arming himself and fleeing. The tape recording indicates that Maness knew that his pursuers were police officers. He could have escaped any perceived threat of harm by surrendering to the officers. Instead, he fled with the weapons. In addition, any threat of harm to Maness was not unlawful. The officers were on his property to serve a lawful order. The tape reveals that he, not the officers, inflamed the situation. There was no basis for instructing the jury on justification or duress.

4). We defer decision on Maness's argument that the district court erred by enhancing his sentence pursuant to U.S.S.G. § 2K2.1 based on facts not admitted to the court nor found by a jury. Because the mandate has not yet issued in *United States v. Ameline,* 376 F.3d 967 (9th Cir.2004), and in light of the Supreme Court's recent grants of certiorari in *United States v. Booker,* 04–104, and *United States v. Fanfan,* 04–105, we believe it would be imprudent to decide this issue now.

AFFIRMED IN PART.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.