# United States Court of Appeals
## For the First Circuit

No. 04-1411

UNITED STATES OF AMERICA,

Appellee,

v.

RAMON LAUREANO-VELEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Boudin, Chief Judge,
Selya and Howard, Circuit Judges.

Lorenzo J. Palomares on brief for appellant.
Thomas F. Klumper, Assistant United States Attorney, H.S. Garcia, United States Attorney, Nelson Perez-Sosa, Assistant United States Attorney, and German A. Rieckehoff, Assistant United States Attorney, on brief for appellee.

September 15, 2005

**Per Curiam**.      After drugs and guns were seized from defendant's house pursuant to his arrest for a local probation violation, he was indicted on one count of possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), and one count of possessing a firearm, including a "Ruger Mini 14 semiautomatic assault rifle with a black pistol grip and a stainless steel folding stock," in furtherance of the marijuana offense, in violation of 18 U.S.C. § 924(c)(1).[1]  Defendant pled guilty to those two counts.  In this appeal from his sentence, defendant challenges (1) the imposition of a 10-year mandatory minimum sentence on the assault-weapon charge and (2) the alleged delegation to the probation department of the determination of the number of drug tests he must take while on supervised release. Finding no merit to these challenges, we affirm.

Defendant's first argument concerning his sentence on the assault-weapon count is that he was entitled to have a jury determine, beyond a reasonable doubt, whether he possessed an "assault weapon" within the meaning of the applicable statute.  In support of that argument in the district court, he relied on Castillo v. United States, 530 U.S. 120 (2000), which held, as a

---

[1]At all times pertinent here, 18 U.S.C. § 924(c)(1)(B)(i) provided a 10-year mandatory minimum sentence for possessing a "semiautomatic assault weapon" in furtherance of a drug trafficking crime, Pub. L. No. 103-322, 108 Stat. 1796, § 110102(c) (1994). That and the other statutory references to "semiautomatic assault weapons" cited below were repealed effective September 13, 2004. Id. § 110105(2).

-2-

matter of statutory construction, that the references to firearm types in 18 U.S.C. § 924(c)(1) define a separate crime (rather than a sentencing factor) that must be proven to a jury beyond a reasonable doubt.  530 U.S. at 131.  On appeal, he also relies on Blakely v. Washington, 124 S. Ct. 2531 (2004), for the proposition that a jury determination on that issue was constitutionally required.[2]

   The short answer to defendant's claim that he was entitled to a jury determination on the assault-weapon issue-- either on statutory or on constitutional grounds--is that he waived his right to jury consideration of that issue by pleading guilty. United States v. Serrano-Beauvaix, 400 F.3d 50, 56 (1st Cir. 2005).

   Although his counsel reserved the right to argue at sentencing that the Ruger rifle is not an "assault rifle" and is exempt from the applicable statute,  that reservation, taken in context, at most reserved those issues to be decided by a judge at sentencing, not by a jury.  As the Supreme Court recognized in Blakely itself: "When a defendant pleads guilty, the [government] is free to seek judicial sentence enhancements so long as the

---

   [2]In a post-briefing motion to remand, defendant argued that United States v. Booker, 125 S. Ct. 738 (2005), also requires that the firearm type be proved to a jury beyond a reasonable doubt, but he declined this court's invitation to submit a supplemental brief on that issue.  His Booker claim is therefore waived.  See United States v. Vega Molina, 407 F.3d 511, 534 n.7 (1st Cir. 2005).

defendant . . . consents to judicial factfinding," Blakely, 124 S. Ct. at 2541, which is what occurred here.

Defendant's next assault-weapon challenge is that the judge made no finding that the Ruger 14 was an "assault weapon."[3] That contention is defeated by the record. After listening to defendant's objections to the finding, contained in the presentence investigation report, that the Ruger 14 had the characteristics of a semiautomatic assault weapon set forth in the statutory definition, the court expressly found "that at [the] time of the arrest the defendant possessed a Ruger mini 14 semiautomatic assault weapon [and that] . . . this particular weapon did have the characteristics of an assault weapon for purposes of the statute."

Contrary to defendant's next contention, that finding was amply supported by the evidence in the record, including a report of the Firearms Technology Branch of the United States Bureau of Alcohol, Tobacco and Firearms that the Ruger Mini 14 "accepts a detachable magazine and has a folding stock and a pistol grip that protrudes conspicuously beneath the action of the weapon." After conducting her own investigation, the probation officer reached the same conclusions.

---

[3]"Semiautomatic assault weapon" is defined to include "a semiautomatic rifle that has an ability to accept a detachable magazine and has at least 2 of--(i) a folding or telescoping stock; (ii) a pistol grip that protrudes conspicuously beneath the action of the weapon;" and three other characteristics not relevant here. 18 U.S.C. § 921(a)(30) (1994).

The only evidence purportedly to the contrary is a conclusory statement by defendant's expert that the "conventional design[] of the mini 14 Sturm Ruger does not represent an assault weapon." However, even if true, that statement is rendered irrelevant by the probation officer's uncontested finding that the weapon had been altered from its original design to include the requisite characteristics.

Finally, defendant challenges the district court's rejection of his argument that his possession of the weapon was exempt from liability under section 924(c)(1) because the weapon was manufactured before the enactment of the assault weapon ban in 1994. In support of that argument, defendant relies on 18 U.S.C. § 922(v)(2), which exempts from the ban on simple possession of a semiautomatic assault weapon, 18 U.S.C. § 922(v)(1), weapons that were lawfully possessed before enactment of the ban. Defendant argues that section 922(v)(2), the so-called "grandfather" clause, exempts him from prosecution for possessing a pre-ban assault weapon in furtherance of a drug offense under section 924(c)(1). However, as other courts have recognized, the most sensible reading of the grandfather clause, consistent with its language and purpose, is to create an exception for pre-ban weapons only with respect to the separate crime of simple possession of such weapons under § 922(v)(2). United States v. Ray, 411 F.3d 900, 905-06 (8th

Cir. 2005); <u>United States</u> v. <u>Vega</u>, 392 F.3d 1281, 1282-83 (11th Cir. 2004) (per curiam).

The only remaining claim raised by defendant on appeal is that the district court impermissibly delegated to the probation department the determination of the maximum number of drug tests the defendant would have to take while on supervised release. The short answer to that contention is that no such delegation occurred.[4] Rather, the district court itself required that defendant submit to random drug testing "not to exceed 104 samples per year." Although the written judgment--stating that defendant must submit to "at least two" drug tests after his initial one--differs from that oral pronouncement, the oral version controls. <u>United States</u> v. <u>Flemmi</u>, 402 F.3d 79, 96 n.26 (1st Cir. 2005).

<u>Accordingly, the case is remanded to the district court for the sole purpose of modifying the drug-testing condition set forth in the written judgment to conform to the condition stated orally at sentencing. In all other respects, the district court's judgment is affirmed</u>.

---

[4]Because there was no delegation error here, we need not determine whether this unpreserved claim satisfies the plain error standard articulated in <u>United States</u> v. <u>Padilla</u>, 415 F.3d 211 (1st Cir. 2005)(en banc).