In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 06-3894

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DEMETRIS SIMMONS,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 04 CR 63—**Charles N. Clevert, Jr.**, *Judge.*

———————

SUBMITTED MARCH 6, 2007[Œ]—DECIDED MAY 10, 2007

———————

Before MANION, WILLIAMS, and SYKES, *Circuit Judges.*

PER CURIAM.  Demetris Simmons was convicted following a jury trial of dealing in firearms without a license and sentenced to 56 months' imprisonment. Simmons appealed

———————

[Œ] This successive appeal has been submitted to the original panel pursuant to Operating Procedure 6(b). After reviewing the briefs and the record, the panel is unanimously of the view that oral argument is unnecessary. Accordingly, the appeal has been submitted on the briefs and the record alone. *See* Fed. R. App. 34(a).

the calculation of his sentence under the United States Sentencing Guidelines based on the Supreme Court's decision in *United States v. Booker*. This court affirmed Simmons' conviction but remanded for re-sentencing in light of *Booker*. On remand, the district court re-sentenced Simmons under the advisory guidelines and reduced his previous sentence by five months. Simmons again appeals his sentence, and we affirm.

I.

Simmons was indicted on a single charge of dealing in firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A) and (2) stemming from his sale of firearms between July 23, 2003, and September 9, 2003. The indictment also contained three sentencing allegations: (1) the offense involved the sale of a semiautomatic assault weapon as defined at 18 U.S.C. § 921(a)(30); the offense involved the defendant's sale of at least three firearms, but not more than seven; and (3) the offense involved the defendant's sale of a stolen firearm. A jury found Simmons guilty of the firearms charge, and also found that all three sentencing allegations had been proven beyond a reasonable doubt. The district court sentenced Simmons to 56 months' imprisonment, in addition to supervised release and a special assessment. Simmons appealed, and this court affirmed his conviction, but remanded for re-sentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

On remand for re-sentencing, the district court set Simmons' base offense level at 18 pursuant to U.S.S.G. § 2K2.1(a)(5). The district court added four levels pursuant to § 2K2.1(b)(1) (more than three firearms) and

§ 2K2.1(b)(4) (obliterated serial number) for a total offense level of 22. Based on that offense level, and Simmons' criminal history category of IV, the district court determined the applicable advisory guideline range to be 63 to 78 months. The district court then granted Simmons' downward departure motion and reduced Simmons' criminal history category from IV to III. The downward departure resulted in a reduction in the applicable advisory guideline range to 51 to 63 months. The district court sentenced Simmons to 51 months' imprisonment to run concurrent with Simmons' state sentence. Simmons now appeals that sentence.

## II.

In this appeal, Simmons argues that the district court miscalculated his advisory guideline range, and as a result unreasonably sentenced him beyond the upper end of his actual advisory guideline range.[1] We review the district court's calculation of an advisory guideline range de novo and its factual findings for clear error. *United States v. Baldwin*, 414 F.3d 791, 798 (7th Cir. 2005). Sentences that are outside of the advisory guideline range are "measured for reasonableness based on their conformity with the sentencing factors of § 3553(a)." *United States v. Robinson*, 435 F.3d 699, 701 (7th Cir. 2006). While the justification must be greater the farther the sentence is outside of the advisory guideline range, *United States v. Rinaldi*, 461 F.3d 922, 930 (7th Cir. 2006), "[i]t is hard to conceive of below-

---

[1] Simmons claims that the appropriate guideline range is 27 to 33 months, rather than 51 to 63 months as determined by the district court during Simmons' re-sentencing.

range sentences that would be unreasonably high," *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005).

First, Simmons notes that 18 U.S.C. § 921(a)(30), which defined the term "semiautomatic assault weapon," was repealed after the Violent Crime Control and law Enforcement Act of 1994, 108 Stat. 1796, expired on September 13, 2004. Simmons next argues that if § 921(a)(30) expired prior to his trial and sentencing, and U.S.S.G. § 2K2.1(a)(5) incorporated and depended on 18 U.S.C. § 921(a)(30), then § 2K2.1(a)(5) expired when § 921(a)(30) expired and it could not be used to calculate his sentence. Simmons makes this argument despite the fact that it is undisputed that § 921(a)(30) was in effect at the time Simmons committed the weapons offense for which he was convicted,[2] and § 2K2.1(a)(5) appears in the 2005 version of the guidelines manual under which Simmons properly was sentenced. While this issue is one of first impression in this circuit, our sister circuits have addressed this issue and unanimously have rejected Simmons' argument. *See, e.g.*, *United States v. Roberts*, 442 F.3d 128, 129 (2d Cir. 2006) (per curiam) ("We conclude that the Sentencing Commission intended that courts determine for purposes of § 2K2.1(a)(5) whether the firearm used by the defendant qualified as a 'semiautomatic assault weapon' under § 921(a)(30) at the time of the crime." (citing *United States v. Whitehead*, 425 F.3d 870, 871-72 (10th Cir. 2005)). We follow the Second and Tenth Circuits' well-reasoned approach and hold that the district court properly used 2K2.1(a)(5) to calculate Simmons' sentence.

---

[2] The unlicensed firearm sales for which Simmons was convicted took place between July 23, 2003, and September 9, 2003, which was a full year before § 921(a)(30) expired.

Second, Simmons argues that if he can be sentenced under § 2K2.1(a)(5), then one of the weapons involved in the offense, a Ruger Mini-14, falls within the exception to § 921(a)(30) for weapons manufactured prior to September 13, 1994. *See* 18 U.S.C. § 922(v)(2). This issue, like the one above, is an issue of first impression in this circuit, but again the overwhelming majority of our sister circuits that have addressed it have uniformly rejected Simmons' argument. *See, e.g.*, *United States v. Ray*, 411 F.3d 900, 906 (8th Cir. 2005) ("A majority of the courts that have addressed the issue have held that § 922(v)(2) is not an exception to § 2K2.1(a)(4)(B) or other like provisions." (citing *United States v. Vega*, 392 F.3d 1281, 1282-83 (11th Cir. 2004)); *see also United States v. Laureano-Velez*, 424 F.3d 38, 41 (1st Cir. 2005); *United States v. Emerson*, No. 03-10104, 2004 WL 180360, at *3 (5th Cir. Jan. 28, 2004) (per curiam); *United States v. Hayes*, Nos. 02-4597, 02-4605, 02-4610 and 02-465, 2003 WL 21436994, at *2 (4th Cir. June 23, 2003) (per curiam)). In those cases, the courts held that the exception to 18 U.S.C. § 921(a)(30) for weapons manufactured prior to September 13, 1994, applies to defendants charged with simple possession and not to sentence enhancements under the guidelines. *See, e.g.*, *Laureano-Velez*, 424 F.3d at 41. We follow the other circuits' reasoning and hold that the district court properly enhanced Simmons' sentence for selling the Ruger Mini-14.

We next turn to whether the district court's sentence of 51 months of imprisonment was reasonable. First, we must point out that the district court should not have granted Simmons' motion for a "downward departure" from criminal history category IV to III. "The proper procedure under *Booker*, as we have explained in a number of cases, is for the sentencing judge first to compute the

guidelines range and then to apply the sentencing factors in 18 U.S.C. § 3553(a) in order to decide whether the sentence should be inside or outside the range." *United States v. Spano*, 476 F.3d 476, 480 (7th Cir. 2007). As we stated in *Spano*:

> Departures create new guidelines ranges and thus deflect the sentencing judge from consideration of the statutory sentencing factors. For having exercised discretion to make the departure and find a new range, he is unlikely to think a further exercise of discretion necessary before he can be confident that a sentence within the new range is the proper sentence. But it *is* necessary, because he has to apply the statutory sentencing factors if he is asked to do so by a party.

> Departures were an essential safety hatch in the pre-*Booker* world because the guidelines were mandatory then, so that every sentence (except statutory maximum and minimum sentences) had to be fitted into the guidelines scheme. With the guidelines advisory, the departure safety hatch, constrained as it was by the requirement that departures be consistent with the structure of the guidelines, e.g., *United States v. Castro-Juarez*, 425 F.3d 430, 434 (7th Cir. 2005), is a superfluous way station en route to application of the more capacious statutory sentencing factors. In short, "after *Booker*, which rendered the Guidelines advisory, departures have become obsolete." *United States v. Blue,* 453 F.3d 948, 952 (7th Cir. 2006).

*Id.* (emphasis in original). Accordingly, the district court should have stopped after it calculated Simmons' guideline range using a total offense level of 22 and a criminal history category of IV, which would have resulted in a

guideline range of 63 to 78 months, rather than further reducing the guideline range to 51 to 63 months. The district court next should have considered the factors listed in § 3553(a) to determine whether Simmons' sentence should fall inside or outside of the 63 to 78 month guideline range. The district court's failure to abide by this procedure, however, was harmless error. As we have previously stated, "[i]t is hard to conceive of below-range sentences that would be unreasonably high." *George*, 403 F.3d at 473. Simmons' sentence was an entire year below the low end of the appropriate guideline range. The government does not cross-appeal, so Simmons has benefitted substantially from the remand for resentencing. Accordingly, we affirm Simmons' sentence.

### III.

For the foregoing reasons, Simmons' sentence is AFFIRMED.

A true Copy:

      Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
