# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

BRET F. MANESS,
          *Defendant-Appellant.*

No. 06-30607

D.C. No.
CR-03-00077-a-
RRB

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

BRET F. MANESS,
          *Defendant-Appellant.*

No. 07-30035

D.C. No.
CR-03-00077-a-
RRB

OPINION

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted
February 2, 2009—Seattle, Washington

Filed May 19, 2009

Before: Betty B. Fletcher, Pamela A. Rymer and
Raymond C. Fisher, Circuit Judges.

Per Curiam Opinion

## COUNSEL

Bret F. Maness (argued), Atwater, California, pro se defendant-appellant.

Nelson P. Cohen, United States Attorney, Jo Ann Farrington and Thomas C. Bradley (argued), Assistant United States Attorneys, Anchorage, Alaska, for the plaintiff-appellee.

## OPINION

PER CURIAM:

Bret F. Maness was convicted of firearm possession following a jury trial and, after a remand from this court, sentenced to 120 months' imprisonment. Maness appeals his sentence on the grounds that the district court violated his right to represent himself at sentencing and improperly

applied a sentencing enhancement based on his possession of a semiautomatic assault weapon. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

## I.

In June 2001, Alaska state troopers went to Maness' home in Wasilla to take him into custody and involuntarily commit him to a psychiatric institution pursuant to a petition filed by his wife. Maness fled from the troopers, but was arrested after a long pursuit and eventual confrontation that ended with a trooper shooting Maness in the shoulder as he pointed a weapon at the officers. At the time he was arrested, Maness had two firearms in his possession as well as other weapons and ammunition found in his motor home.

Maness was found guilty of two counts of firearm possession in June 2003. The district court sentenced him to 120 months with supervised release for three years. Maness appealed his conviction and sentence to this court. We granted a limited remand on his sentencing issues pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc). *See United States v. Maness*, 139 Fed. App'x 780 (9th Cir. 2005); *United States v. Maness*, 112 Fed. App'x 610 (9th Cir. 2004).

After the initial briefing in the district court on remand, Maness moved to proceed pro se, which the district court denied. The district court ultimately affirmed Maness' original sentence, and this appeal followed.

## II.

**[1]** The Sixth Amendment guarantees a defendant the right to represent himself. *See Faretta v. California*, 422 U.S. 806,

---

[1]Maness also appeals several other aspects of his sentence, which we address in a concurrently filed memorandum disposition.

819 (1975). If a defendant's request to proceed pro se is timely, not for purposes of delay, unequivocal, voluntary, intelligent and the defendant is competent, it must be granted. *See United States v. Hernandez*, 203 F.3d 614, 620-21 & 620 n.8 (9th Cir. 2000), *abrogation on different grounds noted in United States v. Ferguson*, 560 F.3d 1060, 1067 (9th Cir. 2009). When the district court denied Maness's motion to proceed pro se, it explained:

> Maness has an extensive history with the criminal justice system and likely understands the ramifications of self-representation. However, the issue remaining before this Court is limited to the issue of re-sentencing, which has yet to be resolved by this Court. If re-sentencing is permitted, Defendant would likely benefit from legal representation.
>
> The issue of whether or not re-sentencing is required has been fully briefed and is currently under consideration. Therefore, although the Court DENIES the Motion to Proceed Pro Se at this time, all of Mr. Maness's pleadings will be considered by the Court.

The district court did not, however, address the *Hernandez* requirements or find that Maness did not meet those requirements. This was error.[2] The question is whether the error may be considered harmless.

**[2]** An improper denial of a request to proceed pro se at *trial* is "not amenable to harmless error analysis. The right is either respected or denied; its deprivation cannot be harmless." *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984); *see*

---

[2]We have not yet clarified whether denial of a request to proceed pro se is reviewed de novo or for abuse of discretion. *See United States v. Kaczynski*, 239 F.3d 1108, 1116 (9th Cir. 2001). Under either standard, however, the district court erred in denying Maness' motion without following *Hernandez*.

*also United States v. Arlt*, 41 F.3d 516, 524 (9th Cir. 1994). We have held, however, that violating a defendant's Sixth Amendment right to counsel of his choice is subject to harmless error analysis if the violation occurred only at sentencing and not at the guilt phase of trial. *See United States v. Walters*, 309 F.3d 589, 592-93 (9th Cir. 2002). In *Walters*, we addressed a district court's improper refusal to allow out-of-state counsel to proceed pro hac vice. *See id.* at 591. Discussing the district court's error, we noted that structural errors — which are not subject to harmless error review — are defined as errors that "permeate[ ] the entire conduct of the trial from beginning to end or affect[ ] the framework within which the trial proceeds." *Id.* at 593 (quoting *Rice v. Wood*, 77 F.3d 1138, 1141 (9th Cir. 1996)) (internal quotations omitted). Because Walters' pro hac vice attorney "was excluded from participating only in the sentencing phase, not the guilt phase," we held that "[t]his exclusion did not affect the framework within which the trial proceed[ed]." *Id.* (internal quotations omitted).

**[3]** Similar analysis applies to Maness' request to proceed pro se at his *Ameline* sentencing remand. We hold that an improper denial of a defendant's motion to proceed pro se at sentencing, rather than at trial, is not a structural error and is thus subject to harmless error analysis. The error is not intrinsically harmful to the entire proceedings. *See id.* (quoting *Neder v. United States*, 527 U.S. 1, 7 (1999)). The appellate court may review the sentencing proceedings and ascertain beyond a reasonable doubt whether the error contributed to the sentence imposed. *See id.* Indeed, the record here is quite evident that the district court's denial of Maness' request to represent himself did not cause any error because, although it did not allow Maness to proceed without an attorney, the court did permit Maness to file briefs and motions pro se. The court acted upon those pro se filings, ordering the government to respond to several motions and granting one. It is thus clear beyond a reasonable doubt that the Sixth Amendment error

did not result in prejudice. *See United States v. Marks*, 530 F.3d 799, 812 (9th Cir. 2008).

III.

**[4]** One of the weapons Maness possessed at the time he was arrested was a Norinco MAK-90. The Sentencing Guidelines in effect when Maness was sentenced specified a higher base offense level if the offense involved a firearm described in 26 U.S.C. § 921(a)(30), which described characteristics of semiautomatic assault weapons as part of the then-extant semiautomatic assault weapons ban. Another section of the statute, however, exempted weapons manufactured prior to September 13, 1994 from the ban. *See* 18 U.S.C. § 922(v)(2). Maness argues that because the Norinco MAK-90 was manufactured prior to that date, the district court should not have applied the sentencing enhancement. We disagree. The Guidelines borrow the statutory definition of a semiautomatic assault weapon, but do not explicitly incorporate the statute's effective date, and the Sentencing Commission's determinations do not turn on whether possession of a weapon constitutes a separate criminal act under the statute. *See, e.g.*, *United States v. Simmons*, 485 F.3d 951, 954 (7th Cir. 2007); *United States v. Laureano-Velez*, 424 F.3d 38, 41 (1st Cir. 2005); *United States v. Ray*, 411 F.3d 900, 905-06 (8th Cir. 2005); *United States v. Vega*, 392 F.3d 1281, 1282-83 (11th Cir. 2004). The district court's sentencing enhancement was therefore proper.

**AFFIRMED.**