**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10046 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-01157-FRZ-GEE-1 |
| v. | |
| MARTIN HERNANDEZ-SUSTAITA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Submitted March 15, 2012[**]
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and ROTHSTEIN, Senior
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Barbara Jacobs Rothstein, Senior District Judge for the
District of Western Washington, sitting by designation.

Martin Hernandez-Sustaita appeals his jury conviction and sentence for illegal reentry. Because the parties are familiar with the factual and procedural history of this case, we do not repeat it here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court declined to give Hernandez-Sustaita's requested jury instruction defining "enter" as "[t]hose who seek to enter in the sense of the law, and those the policy of the law seeks to prevent from entering, are those who come to stay permanently, or for a period of time, or to go at large and at will within the United States." The government presented evidence that Hernandez-Sustaita approached officer Marvin Alvarenga when Alvarenga was working "outbound" pedestrian traffic—encountering people going south from the United States into Mexico—at the Nogales, Arizona port of entry. Alvarenga testified that upon request for identification, Hernandez-Sustaita presented a Mexican identification card and volunteered that he was in the United States illegally. Hernandez-Sustaita was not under any restraint before he approached Alvarenga, and was therefore free to go "at will" within the United States. There was no evidence that Hernandez-Sustaita was unable to move at will within the United States. The requested jury instruction was therefore unwarranted, and properly denied by the district court. *See United States v. Streit*, 962 F.2d 894, 898 (9th Cir. 1992) (for a

2

jury instruction to be proper, there must be "evidence upon which the jury could rationally sustain the defense." (quotation marks omitted)).

Hernandez-Sustaita also argues that because he was arrested at the border, a jury instruction regarding official restraint should be given. He claims that because he was observed only at the port of entry, he could have been under official restraint for the entire time he was present in the United States. Hernandez-Sustaita's own admissions undercut his argument. Since there was no evidence that he had entered the United States immediately prior to apprehension, this instruction was also properly denied by the district court. *See id.*

Hernandez-Sustaita next challenges the sufficiency of the evidence against him. Although he concedes that the government proved that he "entered" the United States, he claims that the government did not provide evidence that he "remained" in the United States. He argues that because he was arrested while attempting to leave the United States without luggage, and because the government could not show exactly when he entered after his April 2009 deportation, he could have entered and immediately decided to return to Mexico, thereby negating the "remained" requirement. There is evidence, however, that Hernandez-Sustaita did not cross the border immediately preceding his arrest, including the large amounts of cash found on his person and his admission that he had been working in the

3

fields in California for a year. Sufficient evidence supports his conviction. *See United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1010 (9th Cir. 1995) (a conviction cannot be reversed "unless there is a clear showing as to insufficiency" and the court of appeals "must affirm if any rational trier of fact could have found the evidence sufficient.").

Finally, Hernandez-Sustaita's substantive reasonableness argument as to his sentence boils down to this: Congress did not intend to punish, as illegal re-entrants, those leaving the United States. He argues that a shorter sentence will create incentives for others to leave as no deterrence function is served by incarcerating undocumented immigrants attempting to leave the United States. The district court sentenced Hernandez-Sustaita to 38 months in prison, far below the Guideline range of 92 to 15 months. This sentence was not substantively unreasonable, particularly in light of his prior conviction for possession of marijuana with intent to distribute, five immigration offenses, and three felony re-entry convictions. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc); *see also United States v. Simmons*, 485 F.3d 951, 955 (7th Cir. 2007) ("[i]t is hard to conceive of below-range sentences that would be unreasonably high." (quotation marks omitted)).

**AFFIRMED.**