FILED

JUN 25 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANA LEON BROOKS,

Defendant - Appellant.

No. 12-30002

D.C. No. 3:11-cr-05158-RBL-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted February 7, 2013.
Submission Withdrawn February 19, 2013.
Resubmitted June 21, 2013,
Seattle, Washington

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

Appellant Dana Leon Brooks appeals his conviction for being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g), and his sentence under

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not deprive Brooks of his right to proceed *pro se* under *Faretta v. California*, 422 U.S. 806 (1975). To invoke the right to self-representation, a defendant must make a request that is "timely, not for purposes of delay, unequivocal, voluntary, [and] intelligent." *United States v. Maness*, 566 F.3d 894, 896 (9th Cir. 2009) (per curiam). "A conditional waiver can be stated unequivocally, as for example when a defendant says in substance: 'If I do not get new counsel, I want to represent myself.'" *United States v. Mendez-Sanchez*, 563 F.3d 935, 946 (9th Cir. 2009). Brooks asked to represent himself only when told he would not be given new counsel. Such a conditional request can be unequivocal, but Brooks nonetheless equivocated. After a full *Faretta* colloquy, Brooks stated that he would prefer to proceed with his current counsel and not *pro se*. Brooks then reversed course just before the jury venire was brought in and announced that he would rather proceed by himself. By stating that he preferred counsel at the close of his *Faretta* colloquy, and then changing his mind minutes later, Brooks equivocated and did not make an unequivocal request for self-representation. We "indulge in every reasonable presumption against waiver." *United States v. Forrester*, 512 F.3d 500, 506 (9th Cir. 2008) (internal

2

quotation omitted).  Brooks's inconsistent positions did not present the unequivocal request necessary to overcome this presumption and invoke his right to self-representation.  *See Adams v. Carroll*, 875 F.2d 1441, 1444 (9th Cir. 1989).  As we explained in *Mendez-Sanchez*, the need for unequivocal demand follows from the nature of the "dueling rights at stake in *Faretta*," and the fact that "self-representation in most cases will have negative consequences."  563 F.3d at 945.  Viewing the totality of the circumstances here, the district court did not err in denying Brooks's request for self-representation made minutes after he had explicitly rejected self-representation following a full *Faretta* colloquy.

The district court also did not err in determining that Brooks was an armed career criminal.  Brooks argued that his conviction for second-degree burglary under Wash. Rev. Code § 9A.52.030(1) does not qualify as an ACCA predicate offense.  A conviction under § 9A.52.030(1) is not categorically an ACCA predicate offense because the definition of "building" under Washington law contains alternatives that are not included in the generic definition of burglary under federal law.  *United States v. Wenner*, 351 F.3d 969, 972–73 (9th Cir. 2003).

Under the modified categorical approach, we must determine (1) what facts the state conviction necessarily rested on and (2) whether these facts satisfy the elements of the generic offense.  *See Shepard v. United States*, 544 U.S. 13, 20–21

3

(2005).  In making these determinations, we look to the "statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  *Id*. at 16.

Brooks's *Shepard* documents, his amended information and plea agreement, indicate that he pleaded guilty to "enter[ing] or remain[ing] unlawfully in a building located at 115 Orchard Ave. So., Eatonville, known as the residence of G[] K[]."  This describes the burglary of a "building" as the term is defined generically, *see United States v. Grisel*, 488 F.3d 844, 848 (9th Cir. 2007) (en banc), and Brooks's decision to enter an *Alford* plea does not alter the legal consequences of his plea agreement.  *United States v. Guerrero-Velasquez*, 434 F.3d 1193, 1197 (9th Cir. 2006).  Brooks's conviction necessarily rested on the building's description because the State was required to prove that Brooks entered or remained in something that matched at least one definition of "building" in the statute.  *See Shepard*, 544 U.S. at 21.  Because the statute provided a finite list of definitions, the district court could "determine which statutory phrase was the basis for the conviction."  *Descamps v. United States*, 570 U.S. __, 11-9540, 2013 WL 3064407, at *6 (U.S. June 20, 2013) (internal quotation marks omitted).  The

4

district court did not err in concluding that Brooks was an armed career criminal and enhancing his sentence under the ACCA.[1]

Brooks contends that his sentence exceeded the statutory maximum in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005). Our circuit precedent forecloses this argument. *Grisel*, 488 F.3d at 846–47.

Brooks contends for the first time on appeal that the residual clauses of the ACCA and the United States Sentencing Guidelines §4B1.2 are unconstitutionally vague. Because the district court did not base its sentencing decision on either residual clause, we need not reach this issue.

AFFIRMED.

---

[1] Brooks also contends that his burglary was not a "crime of violence" under the United States Sentencing Guideline §4B1.2. "[T]he terms 'violent felony' in the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), and 'crime of violence' in Guidelines section 4B1.2[] are interpreted according to the same precedent." *United States v. Crews*, 621 F.3d 849, 856 (9th Cir. 2010). The district court does not appear to have relied on §4B1.2 in sentencing Brooks. To the extent it did, the district court did not err because the same modified categorical analysis applies.