**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50333 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-03202-BEN |
| v. | |
| FRANCISCO BELTRAN VALDEZ, a.k.a. Carlos Zazueta Villa, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Francisco Beltran Valdez appeals from the district court's judgment

following his jury-trial conviction for being a deported alien found in the United

States, in violation of 8 U.S.C. § 1326, and challenges the denial of his requests for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substitute counsel and his second denial of his request to proceed pro se. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Beltran Valdez contends that he had an irreconcilable conflict with his counsel and therefore the district court erred by denying his request for substitute counsel. We review a district court's denial of a motion to substitute counsel for abuse of discretion. *See United States v. Mendez-Sanchez*, 563 F.3d 935, 942 (9th Cir. 2009). There was no abuse of discretion. The record reflects that the district court's inquiry allowed it to make an informed decision, and that there were no "striking signs" of an extensive or irreconcilable conflict between Beltran Valdez and appointed counsel. *See id.* at 942-44.

Beltran Valdez also contends that the district court erred by failing to conduct a hearing under *Faretta v. California*, 422 U.S. 806 (1975), after he indicated he wished to represent himself. Our case law has not clarified whether denial of a request to proceed pro se is reviewed de novo or for abuse of discretion. *See United States v. Maness*, 566 F.3d 894, 896 n.2 (9th Cir. 2009) (per curiam). Reviewed under either standard, the contention fails. The record reflects that, after a two-year delay, Beltran Valdez sought to represent himself only because he was dissatisfied with the government's plea deal and with counsel's refusal to file unwarranted motions. The district court did not err in denying the motion after

concluding that it was dilatory and not made in good faith. *See United States v. George*, 56 F.3d 1078, 1084 (9th Cir. 1995).

Beltran Valdez's contention that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), was overruled is foreclosed. *See United States v. Valdovinos-Mendez*, 641 F.3d 1031, 1036 (9th Cir. 2011).

**AFFIRMED.**