**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 2 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-10308 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00184-GEB-1 |
| v. | |
| RODERICK EARL VANGA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Argued and Submitted March 13, 2018
San Francisco, California

Before:  PAEZ and IKUTA, Circuit Judges, and VITALIANO,** District Judge.

Roderick Earl Vanga appeals from the district court's entry of judgment and

sentence following his guilty plea to one count of violating 18 U.S.C. § 751(a).

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

**1.** We hold that the district court did not improperly deny Vanga his Sixth Amendment right to represent himself. Although the Sixth Amendment guarantees a criminal defendant the right to represent himself, *Faretta v. California,* 422 U.S. 806, 819 (1975), a defendant who wishes to proceed pro se "must make a timely, unequivocal, voluntary, and intelligent request." *United States v. Farias*, 618 F.3d 1049, 1051 (9th Cir. 2010) (footnote, alteration, and quotation marks omitted). "If he equivocates, he is presumed to have requested the assistance of counsel." *Adams v. Carroll*, 875 F.2d 1441, 1444 (9th Cir. 1989). While "[w]e have not yet clarified whether [a] denial of a request to proceed pro se is reviewed de novo or for abuse of discretion," *United States v. Maness*, 566 F.3d 894, 896 n.2 (9th Cir. 2009), we review a district court's factual findings underlying such a denial for clear error, including a finding that a request was equivocal. *United States v. Mendez-Sanchez*, 563 F.3d 935, 944 (9th Cir. 2009).

The district court did not clearly err in finding Vanga's self-representation requests equivocal. Although a defendant's conditional request may be unequivocal under limited circumstances, *see Adams*, 875 F.2d at 1445, the conditions Vanga placed on his self-representation requests—including library access to a "full scope of federal law," regular, business-hours access to advisory counsel and/or a paralegal and/or an investigator, and obtaining a continuance to

2

present his untimely, meritless jurisdictional motion—were inapposite and made his requests equivocal.

**2.** We further hold that the district court did not abuse its discretion in denying substitute counsel. We consider three factors in evaluating whether a district court abused its discretion in denying a motion to substitute counsel: "(1) the adequacy of the district court's inquiry; (2) the extent of the conflict between the defendant and counsel; and (3) the timeliness of defendant's motion." *United States v. Velazquez*, 855 F.3d 1021, 1034 (9th Cir. 2017) (quoting *United States v. Reyes-Bosque*, 596 F.3d 1017, 1033 (9th Cir. 2010)). Vanga focuses on the second factor, arguing that there was a complete breakdown in communications between Vanga and defense counsel that could not be reconciled. But Vanga "must show that there was an 'extensive, irreconcilable conflict' between himself and his appointed counsel," *Mendez-Sanchez*, 563 F.3d at 943 (quoting *United States v. Smith*, 282 F.3d 758, 763 (9th Cir. 2002)), that led to "a significant breakdown in communication that substantially interfered with the attorney-client relationship." *United States v. Adelzo-Gonzalez*, 268 F.3d 772, 779 (9th Cir. 2001).

We hold that there was no "extensive, irreconcilable" conflict that required the district court to grant the request for substitution of counsel. Indeed, Vanga repeatedly affirmed his desire to continue with his appointed counsel. Reviewing the record as a whole, we conclude that the conflict between Vanga and his counsel

3

arose from Vanga's disagreement with his counsel's litigation tactics, as well as from Vanga's "general unreasonableness or manufactured discontent," rather than from a genuine extensive and irreconcilable conflict. *See Smith*, 282 F.3d at 763–64 (affirming denial of substitute counsel where defendant disagreed with attorney's wording of discovery motion and cut off communication after counsel refused to use defendant's wording, noting that "[l]itigation tactics are decisions generally left to defense counsel" and concluding that the disagreement apparently arose from defendant's "general unreasonableness or manufactured discontent" (quoting *United States v. Walker*, 915 F.2d 480, 484 (9th Cir. 1990))).

**3.** Because we affirm Vanga's conviction, we deny as moot Vanga's request that his case should be assigned to a different district judge on remand. We note, however, that this case is not an example of a "rare and extraordinary circumstance[]" that would warrant reassignment. *See Krechman v. Cnty. of Riverside,* 723 F.3d 1104, 1112 (9th Cir. 2013) (quoting *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1118 (9th Cir 2001)).

**AFFIRMED.**

4