**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  14-50325 |
| Plaintiff-Appellee, | D.C. No. 8:09-cr-00248-DOC-5 |
| v. | |
| LEWELLYN CHARLES COX IV, AKA Sho, AKA Showtime, AKA Showtyme, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  15-50453 16-50415 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 8:09-cr-00248-DOC-5 |
| LEWELLYN CHARLES COX IV, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted December 7, 2018
Pasadena, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WARDLAW and OWENS, Circuit Judges, and DORSEY,** District Judge.

In these consolidated appeals, Lewellyn Charles Cox IV appeals from his guilty plea conviction and sentence for conspiracy to commit bank fraud (18 U.S.C. § 1349), bank fraud (18 U.S.C. § 1344), aggravated identity theft (18 U.S.C. § 1028A(a)(1)), and felon in possession of firearm and ammunition (18 U.S.C. § 922(g)(1)). As the parties are familiar with the facts, we do not recount them here. We affirm.

1.     The district court did not violate Cox's Sixth Amendment right to self-representation during sentencing proceedings by delaying holding a *Faretta* hearing and granting his request until after two witnesses (Agent Wesley Schwark and Jessica Bacque) had finished testifying. In light of the full context, the district court did not clearly err in finding Cox's initial self-representation request equivocal. *See Jackson v. Ylst*, 921 F.2d 882, 888-89 (9th Cir. 1990) (stating that a court may deny an equivocal request for self-representation, such as an "impulsive response" or an "emotional reaction").

Moreover, any error in delaying Cox's self-representation until after the two witnesses had finished testifying was harmless. *See United States v. Maness*, 566 F.3d 894, 897 (9th Cir. 2009) (per curiam) ("[A]n improper denial of a defendant's

_____

**     The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

2

motion to proceed pro se at sentencing, rather than at trial, is not a structural error and is thus subject to harmless error analysis."). Among other things, Cox fails to identify any helpful testimony he could have personally elicited upon re-cross-examination of Agent Schwark, only speculates that Bacque would have provided significant additional testimony if Cox had personally questioned her, and only speculates that Bacque would not have left with the only available copy of the interview report if the district court had not delayed granting him self-representation.

2.     The district court did not abuse its discretion by denying Cox's request for a continuance at sentencing to either allow a defense investigator to testify or introduce her report because this evidence was insignificant. *See United States v. Rivera-Guerrero*, 426 F.3d 1130, 1142 (9th Cir. 2005) ("Where the denial of a continuance prevents the introduction of specific evidence, the prejudice inquiry focuses on the significance of that evidence." (citation omitted)).

3.     The district court also did not abuse its discretion by denying Cox's request to withdraw his guilty plea. "A defendant may withdraw a guilty plea after a district court accepts the plea but before sentencing if 'the defendant can show a fair and just reason for requesting the withdrawal.'" *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004) (quoting Fed. R. Crim. P. 11(d)(2)(B)).

Although the district court did not explicitly invoke the "fair and just

3

reason" standard, the district court applied the correct legal standard. *See United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014) ("Where a district court issues a discretionary decision without setting forth the legal standard it applied, we will not presume that its decision rested on a misapprehension of the law.").

Further, the district court did not abuse its discretion by determining that Cox failed to show a "fair and just reason" for withdrawing his guilty plea. *See United States v. Garcia*, 909 F.2d 1346, 1348 (9th Cir. 1990) ("[I]t is well established that an erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea.").

4.      The district court did not err in calculating the loss enhancement under U.S.S.G. § 2B1.1(b)(1) (2013). The record belies Cox's arguments that the district court failed to resolve factual disputes regarding the amount of loss and determine the scope of his agreement to participate in the conspiracy. *See United States v. Stargell*, 738 F.3d 1018, 1025 (9th Cir. 2013) (holding that "[t]he district court adequately established its resolution of the loss-amount dispute in favor of the government by holding that the government had established the loss-amount by clear and convincing evidence"). Cox's additional arguments in his pro se submissions are also unpersuasive.

5.      The district court erred by dismissing for lack of jurisdiction Cox's pro se post-judgment motions filed while his appeal was pending because Cox

properly sought an indicative ruling. Cox cited Federal Rule of Civil Procedure 62.1, which mirrors Federal Rule of Criminal Procedure 37, as well as Federal Rule of Appellate Procedure 12.1. As a result, the district court had jurisdiction to defer consideration of Cox's post-judgment motions, deny them on the merits, or issue an indicative ruling. *See* Fed. R. Crim. P. 37(a).

However, "we may affirm on any ground supported by the record[.]" *United States v. Lustig*, 830 F.3d 1075, 1084 n.10 (9th Cir. 2016). We conclude that Cox's claims of "new evidence" and "fraud on the court" do not undermine his guilty plea conviction or sentence. Therefore, we affirm the denial of Cox's post-judgment motions on their merits.

6.      Finally, the district court did not abuse its discretion by denying Cox's motion to disqualify the district judge. Contrary to Cox's contention, the district judge's comments do not establish a "deep-seated . . . antagonism" towards Cox. *United States v. McTiernan*, 695 F.3d 882, 892 (9th Cir. 2012) (citation omitted).

**AFFIRMED**.