**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

DAVID LOUIS JOHNSON,
        *Defendant-Appellant.*

No. 11-30256

D.C. No.
3:10-cr-00240-MO-1

OPINION

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted
October 11, 2012—Portland, Oregon

Filed October 30, 2012

Before: Barry G. Silverman, Richard R. Clifton, and
N. Randy Smith, Circuit Judges.

Opinion by Judge Clifton

**COUNSEL**

C. Renée Manes, Assistant Federal Public Defender, Portland, Oregon, for defendant-appellant David Johnson.

Kelly A. Zusman (argued) and Johnathan S. Haub, Assistant U.S. Attorneys, Portland, Oregon, for plaintiff-appellee United States.

## OPINION

CLIFTON, Circuit Judge:

This appeal presents the question of whether a district court may require a sexual offender assessment—not treatment, just an assessment—as a condition of supervised release when the defendant has two decades-old prior sexual offense convictions involving weapons, when the current offense also involves a weapon, and when the defendant's prior completion of sex offender treatment cannot be confirmed. We conclude that it may require such an assessment and affirm the condition imposed in this case.

### I. Background

Defendant David Louis Johnson pled guilty to knowing and unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced him to five years of supervised release subject to special conditions. At the suggestion of the Probation Office, the district court later modified the sentence to require that Johnson undergo a sexual offender assessment as an additional condition of his supervised release.

Johnson had two previous sexual offense convictions. In 1980, Johnson raped a nineteen year-old woman twice at knife point. He was sentenced to nine years in prison for rape, sodomy, kidnaping, and false imprisonment. In 1990, Johnson raped a fourteen year-old girl at gunpoint. He was sentenced to thirteen years in prison for rape. Though Johnson claims that he underwent sexual offense treatment in the past, the Probation Office was unable to verify this claim.

The district court acknowledged that Johnson's sexual offense convictions were dated, specifically referencing our decision in *United States v. T.M.*, 330 F.3d 1235 (9th Cir. 2003). But it also found that a sexual offender assessment was a "very minor restraint on liberty." The district court decided that its "obligation for the safety of the public, as well as the rehabilitation of this defendant" justified the sexual offender assessment condition.

Before the district court Johnson argued that if the sexual offender assessment included a polygraph exam, then the assessment would violate his Fifth and Sixth Amendment rights. Without concluding that, the district court ordered that the sexual offender assessment exclude a polygraph exam. Johnson did not express any further concerns about the constitutionality of the sexual offender assessment at the district court.

Johnson now challenges the reasonableness of the sexual offender assessment condition. He also argues that the sexual offender assessment violates his Fifth Amendment right against self-incrimination.

## II.   Reasonableness of the condition

**[1]** We review the district court's decision to impose a condition of supervised release for an abuse of discretion. *United States v. Baker*, 658 F.3d 1050, 1053 (9th Cir. 2011), *overruled on other grounds by United States v. King*, 687 F.3d 1189 (9th Cir. 2012). A district court may impose a condition of supervised release if it "involves no greater deprivation of liberty than is reasonably necessary" to punish, deter, protect the public from or rehabilitate the defendant. 18 U.S.C. § 3583(d)(2). The condition should also "reasonably relate[ ]" to "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3583(d)(1); *id.* § 3553 (a)(1). These factors are a "guide,"

not "a checklist of requisites." *United States v. Johnson*, 998 F.2d 696, 698 (9th Cir. 1993).

**[2]** The district court did not abuse its discretion in ordering the sexual offender assessment condition. Johnson was twice convicted of serious and violent sexual offenses. In addition, Johnson's current offense involved possession of a gun, the same sort of weapon he used as a sexual offender. Johnson's history as a sexual offender, old as it may be, justified the district court's decision to order a sexual offender assessment. After the district court receives the results of the assessment, it will be better able to determine if additional conditions are necessary to protect the public and rehabilitate Johnson.

Johnson argues that *United States v. T.M.*, 330 F.3d 1235 (9th Cir. 2003), curtails the district court's discretion to order sexual offender assessments on the basis of stale convictions. Johnson reads *T.M.* too broadly. In *T.M.*, we held that the defendant's twenty-one year-old conviction and forty-one year-old sexual offense charge did not justify several stringent conditions of supervised release, including the requirement that he participate in a sexual offender treatment program and submit to necessary testing. *Id.* at 1240. Sexual offender treatment programs can be very significant restraints on liberty. *See United States v. Weber*, 451 F.3d 552, 563 (9th Cir. 2006). Johnson must undergo only an assessment, which is a much less significant restraint. Further, in *T.M.*, the record included detailed information regarding the defendant's progress in his sexual offense treatment. *T.M.*, 330 F.3d at 1241 n.5. The record in this case does not, and Johnson's assessment will enable the district court to make a more informed decision. We have consistently noted that district courts have "wide latitude" to craft conditions of supervised release. *Weber*, 451 F.3d at 557. *T.M.* does not narrow a district court's discretion so greatly that the age of a defendant's convictions forecloses its consideration of other statutory factors.

## III. Fifth Amendment claim

Johnson's constitutional challenge to the sexual offender assessment with a polygraph exam is not ripe. The district court excluded a polygraph exam from the assessment. As a result, a polygraph exam does not present "actual or imminent" harm to Johnson. *See United States v. Antelope*, 395 F.3d 1128, 1132 (9th Cir. 2005). Johnson did not challenge the constitutionality of the condition as ordered at the district court, so we do not address it here. *See United States v. Reyes*, 8 F.3d 1379, 1390 (9th Cir. 1993).

**AFFIRMED**.