NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 1 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JERAMIE McGUIRE,<br><br>Defendant - Appellant. | No. 14-30141<br><br>D.C. No. 4:13-cr-00273-EJL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted April 22, 2015[**]

Before:    GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Jeramie McGuire appeals from the district court's judgment and challenges

several special conditions of supervised release imposed following his guilty-plea

conviction for failure to register as a sex offender, in violation of 18 U.S.C.

§ 2250(a).   We have jurisdiction under 28 U.S.C. § 1291, and we vacate and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

remand for resentencing.

McGuire contends that several of the special conditions of supervised release imposed by the district court are a greater deprivation of liberty than is reasonably necessary. We review for plain error. *See United States v. Blinkinsop,* 606 F.3d 1110, 1118 (9th Cir. 2010).

We affirm the challenged condition that requires McGuire to participate in an evaluation for sexual deviancy. *See United States v. Johnson*, 697 F.3d 1249, 1250-51 (9th Cir. 2012) (assessment condition is reasonable where prior sexual offense is decades old but defendant's completion of sex offender treatment cannot be confirmed). Insofar as the challenged conditions requiring McGuire to complete a "course of treatment related to his offense" and to participate in polygraph testing are tied to a determination that McGuire needs treatment for sexual deviancy, they may also be affirmed. *See id*. at 1251. However, to the extent that the treatment and polygraph conditions apply regardless of the outcome of McGuire's evaluation, the district court improperly imposed them. *See United States v. T.M.*, 330 F.3d 1235, 1240-41 (9th Cir. 2003) (decades-old sex offense may not alone justify sex offender treatment, including polygraph testing). On remand, the district court shall amend the judgment to reflect that the requirements that McGuire receive

14-30141

treatment and participate in polygraph testing may only be enforced if the ordered evaluation determines that he needs treatment for sexual deviancy.

McGuire's significant liberty interests are implicated by the conditions restricting him from having unsupervised contact with minor children or engaging "in a romantic relationship with anyone who has minor children" without prior approval. *See United States v. Wolf Child*, 699 F.3d 1082, 1091-92 (9th Cir. 2012). Accordingly, the imposition of these conditions is subject to heightened procedural requirements. *See id.* at 1090. In this case, the district court's justification for these conditions is insufficient. *See id.* at 1092 ("[T]he sentencing court, at the time it imposes the restrictive condition on the exercise of a particularly significant liberty interest, must itself point to the evidence in the record on which it relies and explain how on the basis of that evidence the particular restriction is justified."). Accordingly, we remand to the district court to either justify these conditions, giving particularized attention to the need for any restriction on McGuire's contact with his minor son, or vacate them. *See id.* at 1093-94.

The district court did not explain its reasons for imposing the challenged condition restricting McGuire from residing or loitering within 500 feet of places primarily used by minor children. Because the reasons for this condition are not

apparent from the record, we are unable to review it for reasonableness. We, therefore, remand to the district court to either vacate the condition or articulate a basis that is tailored to the nature and circumstances of McGuire's offense and his specific characteristics and history. *See United States v. Collins*, 684 F.3d 873, 890-92 (9th Cir. 2012); *United States v. Rudd,* 662 F.3d 1257, 1261-63 (9th Cir. 2011).

Finally, the district court did not explain its reasons for imposing the challenged condition restricting McGuire from working or volunteering in a setting that "exposes him either directly or indirectly to minors." Because the reasons for imposing this condition are not apparent from the record, we remand to the district court to either vacate the condition or provide sufficient justification for it, giving particularized consideration to whether the condition implicates McGuire's previous occupations. *See United States v. Stoterau*, 524 F.3d 988, 1009 (9th Cir. 2008) (occupational restriction subject to heightened scrutiny where prior employment is implicated).

**AFFIRMED in part; VACATED and REMANDED in part.**