

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10050 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-01347-CKJ-DTF-1 |
| v. | |
| JAMES DEREK JUAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted April 13, 2018
San Francisco, California

Before: WARDLAW and HURWITZ, Circuit Judges, and OLIVER,** District
Judge.

James Derek Juan appeals the imposition of a sex offender evaluation

condition of supervised release. We review for abuse of discretion, *United States*

*v. Gnirke*, 775 F.3d 1155, 1159 (9th Cir. 2015), and we vacate the condition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Solomon Oliver, Jr., United States District Judge for
the Northern District of Ohio, sitting by designation.

The sex offender evaluation condition is substantively unreasonable. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Juan's only sexual offense occurred nearly three decades ago, when Juan was twelve. In the intervening years, despite Juan's frequent contact with and monitoring by law enforcement, there is no evidence of any other history or characteristic of inappropriate sexual conduct. Furthermore, Juan's offense of conviction is entirely unrelated to the facts and circumstances of his conduct as a child. *Cf. United States v. Johnson*, 697 F.3d 1249, 1251 (9th Cir. 2012) ("Johnson's current offense involved possession of a gun, the same sort of weapon he used as a sexual offender."). Thus, there is no substantial nexus between the conduct underlying Juan's twenty-seven-year-old juvenile adjudication and any public safety rationale that justifies the imposition of the sex offender evaluation condition today.[1] *See United States v. Wise*, 391 F.3d 1027, 1032 (9th Cir. 2004); *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003) ("Supervised release conditions predicated upon twenty-year-old incidents, without more, do not promote the goals of public protection and deterrence."). While it is rare that we would find that an imposition of a condition of supervised release was an abuse of discretion, where, as here,

---

[1] We also note that neither the Probation Officer nor the government sought such a condition.

there is insufficient basis in the record for its imposition, we must surely vacate the condition.[2]

**REVERSED; SUPERVISED RELEASE CONDITION VACATED.**

---

[2] We need not reach Juan's remaining arguments challenging the imposition of the sex offender evaluation condition of supervised release.