NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10063 |
| Plaintiff-Appellee, | D.C. No. 1:12-cr-00083-AWI-BAM-1 |
| v. | |
| DANIEL OLUWA SESAN LEITCH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted March 30, 2023[**]
San Francisco, California

Before: McKEOWN, GOULD, and IKUTA, Circuit Judges.

Daniel Oluwa Sesan Leitch ("Leitch") appeals from the district court's
rejection of the full relief requested in Leitch's motion to modify a condition of his
supervised release. We have jurisdiction under 28 U.S.C. § 1291. Reviewing for
abuse of discretion, *see United States v. Johnson*, 697 F.3d 1249, 1251 (9th Cir.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2012), we affirm.

Leitch challenges the district court's decision to stay for three months—instead of eliminate or otherwise stay for twelve months—the condition of his supervised release that he submit to polygraph examinations. He argues that the district court did not sufficiently articulate how polygraph testing reasonably relates to the goals of supervised release and/or his history, characteristics, and rehabilitation, and how such testing does not impose an undue deprivation of his liberty. Leitch objects to being subject to polygraph testing on the bases of: (1) his commendable record in prison, on supervised release, and in treatment, (2) the circumstances of his offense, and (3) his health concerns relating to potential exposure to COVID-19.

It is the general rule that district courts have "wide discretion to impose conditions of supervised release," *United States v. Hohag*, 893 F.3d 1190, 1192 (9th Cir. 2018) (quoting *United States v. T.M.*, 330 F.3d 1235, 1239–40 (9th Cir. 2003)), and may modify supervised release conditions pursuant to 18 U.S.C. § 3583(e)(2) (directing courts to consider, among other things, the provisions applicable to the initial setting of the terms and conditions of post-release supervision set forth in 18 U.S.C. § 3583(d)). As relevant here, under § 3583(d), such conditions are generally permissible so long as they "are reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender," *T.M.*, 330 F.3d at 1240

(citing § 3583(d)(1)), and "involve 'no greater deprivation of liberty than is reasonably necessary for the purposes' of supervised release," *id.* (citing § 3583(d)(2)).

The district court did not abuse its discretion in declining to grant Leitch's request in full. It acknowledged Leitch's record of rehabilitation, but nonetheless credited a declaration by Leitch's probation officer that polygraph testing would "assist with public protection and . . . deterrence." *See* 18 U.S.C. § 3553(a)(2)(B)-(C). And it explained that polygraph testing's infringement of Leitch's liberty was "not unduly excessive." *See* 18 U.S.C. § 3583(d). These conclusions are not an abuse of discretion, conform to the requirements of 18 U.S.C. § 3583(d), and suffice under our precedent. *See United States v. Cope*, 527 F.3d 944, 956–57 (9th Cir. 2008) ("The district court's order requiring comprehensive sex offender treatment [including 'polygraph testing'] is reasonably related to . . . the need to protect the public from potential future sex crimes [and] the need to deter [defendant] from committing such crimes." (internal citations omitted)); *Hohag*, 893 F.3d at 1194 ("[P]olygraph testing [is] a relatively unintrusive means of evaluating a defendant's risk of engaging in sexual misconduct."). Additionally, the district court concluded that Leitch "only completed two and a half years of his fifteen-year supervision term," so "there still remain[ed] value in maintain the supervision conditions" for "compliance and progress."

We note that the district court did credit Leitch's legitimate health concerns as a basis for granting a three-month stay of the polygraph condition. This conclusion was a permissible exercise of the district court's broad discretion. While we affirm the district court's denial of Leitch's request for broader relief, nothing in our decision should be understood to prevent Leitch from seeking, or the district court from granting, similar stays (or other modifications) if the district court concludes that the circumstances so warrant.

**AFFIRMED.**