**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff - Appellee*,

v.

CESAR ALEJANDRO AVENDANO-SOTO,

*Defendant - Appellant*.

No. 23-281

D.C. No.
4:21-cr-01527-
SHR-DTF-1

OPINION

Appeal from the United States District Court
for the District of Arizona
Scott H. Rash, District Judge, Presiding

Submitted July 18, 2024[*]
San Francisco, California

Filed September 12, 2024

Before: Milan D. Smith, Jr., Mark J. Bennett, and Anthony
D. Johnstone, Circuit Judges.

Opinion by Judge Bennett

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

# SUMMARY[**]

## Criminal Law

The panel affirmed the defendant's conviction and sentence following his guilty plea to assaulting a federal officer resulting in bodily injury.

The defendant brought a due process challenge to the voluntariness of his guilty plea, contending under *Boykin v. Alabama*, 395 U.S. 238 (1969), that the district court's inquiry into his waiver of rights was insufficient. The panel rejected this argument because the record reflects that the district court explained to the defendant the rights that he would waive by pleading guilty, and the record affirmatively discloses that the defendant entered his guilty plea with full awareness of his privilege against self-incrimination, his right to trial by jury, and his right to confront his accusers. Moreover, because the defendant does not even suggest that he would not have pleaded guilty had the plea colloquy been different, he has not shown plain error.

At the sentencing hearing, the district court incorporated by reference supervised-release conditions set forth in the presentence report (PSR) and District of Arizona General Order 17-18. The defendant argued that because he was not previously put on notice of the conditions in General Order 17-18, the district court violated *United States v. Montoya*, 82 F.4th 640 (9th Cir. 2023) (en banc), which requires the district court to pronounce all discretionary conditions of supervised release in the presence of the defendant. The

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

panel held that because the defendant reviewed and understood the PSR, and the PSR incorporated the conditions in General Order 17-18, the defendant had sufficient notice that he would be subject to the conditions in General Order 17-18, and the district court satisfied *Montoya*'s pronouncement requirement.

The panel found no plain error in the district court's explanation of its reasoning in fashioning the sentence, and concluded that even if there were error, the defendant could not show that the error affects substantial rights.

The panel concluded that the bottom-of-the-guidelines sentence was substantively reasonable.

## COUNSEL

Stephanie K. Bond, Law Offices of Stephanie K. Bond PC, Tucson, Arizona, for Defendant-Appellant.

Terry M. Crist, III, Assistant United States Attorney; Christina M. Cabanillas, Deputy Appellate Chief; Gary M. Restaino, United States Attorney, District of Arizona; United States Department of Justice, Office of the United States Attorney, Tucson, Arizona; for Plaintiff-Appellee.

**OPINION**

BENNETT, Circuit Judge:

Cesar Alejandro Avendano-Soto ("Avendano") appeals his conviction and sentence following a guilty plea to assaulting a federal officer resulting in bodily injury, in violation of 18 U.S.C. § 111(a) and (b).  He argues that the district court's colloquy at the change of plea hearing violated his due process rights; that the district court violated *United States v. Montoya*, 82 F.4th 640 (9th Cir. 2023) (en banc) by not orally pronouncing on the record all the conditions of supervised release; and that his sentence was procedurally and substantively unreasonable.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**I.**

On March 24, 2020, Avendano tried to enter the United States at the Nogales, Arizona port of entry.  U.S. Customs and Border Protection ("CBP") officers were suspicious because Avendano had previously been "detained on several occasions for attempting to smuggle methamphetamine, attempting to smuggle an alien into the United States, and punching a CBP officer in the face."  CBP officer "J.V." asked Avendano to produce documentation of his United States citizenship.  Avendano instead attempted to walk past J.V., and J.V. blocked his path and attempted to push him back from the gate.  Avendano put his arms around J.V. and slammed her down onto the concrete floor.  J.V.'s head and shoulder hit the ground.  The interaction was captured on the surveillance video.

J.V. was initially diagnosed with a concussion.  About a week after the assault, J.V. began experiencing severe

symptoms, including headaches, blurred vision, memory problems, noise sensitivity, and anxiety. She was later diagnosed with a traumatic brain injury that will cause lifelong impairment in the form of episodic headaches, short-term memory loss, vision and hearing problems, and blackouts. J.V. was placed on light duty for one year after the incident. She eventually returned to regular duty but was placed in a new assignment because of the continuing risk of blackouts and seizures.

On June 30, 2021, Avendano was indicted, and charged with a single count of assault on a federal officer resulting in bodily injury in violation of 18 U.S.C. § 111(a) and (b). On September 16, 2022, Avendano pleaded guilty without a plea agreement.

Avendano was sentenced on February 17, 2023. At the sentencing hearing, defense counsel argued for a downward variance from the sentencing guideline range of 51 to 63 months. The government requested a bottom-of-the-guidelines sentence of 51 months. The district court sentenced Avendano to 51 months, and Avendano appealed.

## II.

Because Avendano did not object below to the plea colloquy or the procedural correctness of his sentence, we review both for plain error. *United States v. Diaz-Ramirez*, 646 F.3d 653, 656 (9th Cir. 2011); *United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010). Even in the absence of an objection, we review the substantive reasonableness of a sentence for abuse of discretion. *Blinkinsop*, 606 F.3d at 1116. "We review de novo the legality of a sentence, including the question whether the court made a legal error in imposing a condition of

supervised release." *United States v. Montoya*, 82 F.4th 640, 646 (9th Cir. 2023) (en banc) (citation omitted).

## III.

## A.

Avendano brings a due process challenge to the voluntariness of his guilty plea, contending under *Boykin v. Alabama*, 395 U.S. 238 (1969), the district court's inquiry into his waiver of rights was insufficient.[1] Avendano argues that he "was only asked if he understood a list of rights, but was never asked whether he additionally understood those same rights would be *waived* if he plead[ed] guilty. Therefore, the record is silent as to whether [Avendano] understood that he was *waiving* those rights."

Contrary to Avendano's assertions, the record reflects that the district court explained to Avendano the rights that he would waive by pleading guilty—including the right to a jury trial, the right against self-incrimination, and the right to confront witnesses—and confirmed that Avendano understood those rights. Avendano's counsel also stated her belief that Avendano understood the rights he was waiving, the consequences of pleading guilty, and the maximum penalties he faced. The record "'affirmatively disclose[s]' that the defendant entered his guilty plea with full awareness of his privilege against self-incrimination, his right to trial by jury, and his right to confront his accusers." *Diaz-Ramirez*, 646 F.3d at 657 (quoting *Brady v. United States*, 397 U.S. 742, 747 n.4 (1970)). Moreover, because Avendano "do[es] not even suggest, much less show, that

---

[1] Avendano has not claimed a violation of Federal Rule of Criminal Procedure 11.

[he] would not have pleaded guilty" had the plea colloquy been different, he has not shown plain error. *Id*. at 658.**[2]**

**B.**

Avendano next argues that the district court violated *Montoya* by "not orally pronounc[ing] on the record all the specific discretionary conditions of Supervised Release that it was imposing on [him]." We review de novo whether the district court "made a legal error in imposing a condition of supervised release." *Montoya*, 82 F.4th at 646.

Under *Montoya*, "a district court must orally pronounce all discretionary conditions of supervised release in the presence of the defendant." *Id.* at 652. "[T]his pronouncement requirement is satisfied if the defendant is informed of the proposed discretionary conditions before the sentencing hearing and the district court orally incorporates by reference some or all of those conditions, which gives the defendant an opportunity to object." *Id.* at 652–53.

At the sentencing hearing, the district court incorporated by reference the conditions in the presentence report ("PSR") and General Order 17-18:**[3]**

---

[2] In his reply brief, Avendano also argues that because the district court led by stating that "there are *some* rights that you will give up," he did not know which of the enumerated rights he would be giving up. But the district court made it clear that Avendano would be waiving *all* the rights the district court described in the plea colloquy.

[3] The United States District Court for the District of Arizona has adopted General Order 17-18, providing that "the Mandatory and Standard Conditions of Probation/Supervised Release as listed in the attachment to this order be adopted . . . for all probation/supervised release offenders sentenced in the District of Arizona, or who subsequently come under

> Mr. Avendano, during the term of supervised release, you're required to comply with the standard conditions under General Order 17-18 and the special conditions set forth in the presentence report. I'm not going to go over all those right[s] now. What's vitally important is that, when you are released, that you'll meet with a probation department [officer] and they'll go over all those terms and conditions and it's vitally important that you not only understand them but that you abide by them.

The court also specifically explained the condition that Montoya take medication as prescribed by a medical professional providing mental health treatment.

In addition, the PSR stated:

> While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision as adopted by this Court in General Order 17-18. Of particular importance, the defendant shall not commit another federal, state, or local crime during the term of supervision. Within 72 hours of sentencing or release from the

---

the supervision of the Court and/or probation officer." General Order 17-18 (D. Ariz. Aug. 14, 2017), https://www.azd.uscourts.gov/sites/azd/files/general-orders/17-18.pdf [https://perma.cc/SL8U-ULAB]. The attachment lists thirteen "standard" conditions, all based on the thirteen "standard" conditions recommended for supervised release in § 5D1.3 of the Guidelines. *See* U.S. Sent'g Guidelines Manual § 5D1.3(c) (U.S. Sent'g Comm'n 2018).

> custody of the Bureau of Prisons the
> defendant shall report in person to the
> Probation Office in the district to which the
> defendant is released.

The PSR also listed eleven special conditions with which Avendano had to comply.

Avendano does not dispute that the district court orally incorporated by reference the conditions in the PSR, but he argues that he was not previously put on notice of the conditions set forth in General Order 17-18. But, as noted above, the PSR provided that Avendano needed to comply with the mandatory and standard conditions in General Order 17-18 *and* listed some conditions from General Order 17-18 that were of "particular importance." And Avendano stated at the sentencing hearing that he had reviewed the PSR with his attorney and understood it:

> THE COURT: Ms. Vietor, have you reviewed the presentence report with your client?
>
> MS. VIETOR: Yes, I have, Your Honor.
>
> THE COURT: Okay. Thank you.
>
> Mr. Avendano, in reviewing the presentence report with your attorney, did she answer any questions you may have had about the report or about your case in general?
>
> THE DEFENDANT: Yes, she did answer all my questions.

THE COURT: And do you believe you understand the presentence report?

THE DEFENDANT: Yes.

Because Avendano reviewed and understood the PSR, and the PSR incorporated the conditions in General Order 17-18, Avendano had sufficient notice that he would be subject to the conditions in General Order 17-18.[4]  Thus, the district court satisfied *Montoya*'s pronouncement requirement.[5]

## C.

Avendano argues that his 51-month sentence was procedurally unreasonable because the district court did not "adequately state the reasons why it rejected" his attorney's

---

[4] Avendano has advanced no argument that he or his counsel were unaware of, or had any question as to, the contents of General Order 17-18.  Rather, he suggests that due process required he be given a physical copy of the General Order despite its public availability and his counsel's presumed familiarity with it.  In *Montoya*, we made clear that "[t]he proposed written notice of discretionary conditions of supervised release need not be in a particular type of document" and could include "courtwide or judge-specific standing orders that list conditions."  82 F.4th at 652 (quoting *United States v. Diggles*, 957 F.3d 551, 561 (5th Cir. 2020) (en banc)).

[5] In *Montoya*, we explained that the determination whether a particular method "satisf[ied] the incorporation by reference requirement" was "a fact-specific inquiry [that] should be addressed on a case-by-case basis."  82 F.4th at 652 n.15.  Here, the government relies on the PSR's incorporation of General Order 17-18 as having given Avendano notice of the proposed conditions.  Thus, we do not decide whether General Order 17-18 on its own, without reference in the PSR, would have provided Avendano sufficient notice such that the district court's later incorporation by reference to it at sentencing satisfied his right to presence.

request for a downward variance. Because Avendano did not object below to the adequacy of the district court's explanation of its sentence, we review for plain error. *Blinkinsop*, 606 F.3d at 1114. "Plain error is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *United States v. Joseph*, 716 F.3d 1273, 1277 (9th Cir. 2013) (quoting *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc)).

We find no plain error here. The district court made it clear that it had "considered the [18 U.S.C. §] 3553(a) factors, the presentence report, [and] statements by the parties" in fashioning its sentence. Although the district court did not explain its reasoning in more detail, it was not required to do so. *See, e.g.*, *United States v. Carty*, 520 F.3d 984, 995 (9th Cir. 2008) (en banc) (holding that a bottom-of-the-guidelines sentence was procedurally reasonable even though "the judge gave no explicit reasons for doing so" because "the arguments were straight-forward and uncomplicated"); *Rita v. United States*, 551 U.S. 338, 358–59 (2007) (holding that the sentence was procedurally reasonable when the judge merely stated that the bottom-of-the-guidelines sentence was "appropriate" because the case was "conceptually simple" and "the record [made it] clear that the sentencing judge considered the evidence and arguments").

But even if there were error, Avendano could not show that the error "affects substantial rights." *Joseph*, 716 F.3d at 1277 (quoting *Ameline*, 409 F.3d at 1078). "To show that the district court's error affect[s] . . . substantial rights, [a defendant] must demonstrate 'a reasonable probability that [he] would have received a different sentence' if the district court had not erred." *United States v. Tapia*, 665 F.3d 1059, 1061 (9th Cir. 2011) (quoting *United States v. Waknine*, 543

F.3d 546, 554 (9th Cir. 2008)).  And Avendano provides no basis for us to find that there is a reasonable probability he would have received a different sentence had the district court given a more complete explanation for its sentence.

## D.

Finally, Avendano contends that his sentence was substantively unreasonable.  "A substantively reasonable sentence is one that is 'sufficient, but not greater than necessary' to accomplish § 3553(a)(2)'s sentencing goals." *United States v. Tosti*, 733 F.3d 816, 824 (9th Cir. 2013) (quoting *United States v. Crowe*, 563 F.3d 969, 977 n.16 (9th Cir. 2009)).  "[A] correctly calculated Guidelines sentence will normally not be found unreasonable on appeal." *Carty*, 520 F.3d at 988.  Given the nature and circumstances of the offense, the serious and lasting harm that J.V. experienced, and the fact that Avendano had previous issues with violence and impulse control, Avendano's bottom-of-the-guidelines sentence was substantively reasonable.

**AFFIRMED.**