**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MARISELA SANCHEZ, AKA Mari Wow,<br><br>Defendant - Appellant. | No. 23-860<br><br>D.C. No. 2:21-cr-00522-FLA-1<br><br><br>MEMORANDUM* |

Appeal from the United States District Court for the
Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted November 20, 2024**

Before:    CANBY, TALLMAN, and CLIFTON, Circuit Judges.

Marisela Sanchez appeals from the district court's judgment imposed

following her guilty-plea conviction for possession with intent to distribute

methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Sanchez contends that the district court erred by failing to pronounce orally the standard conditions of supervised release in violation of *United States v. Montoya*, 82 F.4th 640 (9th Cir. 2023) (en banc).[1]  However, prior to sentencing, Sanchez was provided probation's sentencing recommendation, which stated "[t]he defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04." At sentencing, after confirming that counsel had reviewed the presentence report ("PSR") and recommendation with Sanchez, the district court incorporated by reference the conditions set forth in General Order 20-04.  Because this procedure provided Sanchez sufficient notice that she would be subject to the conditions in General Order 20-04, and the court's reference to General Order 20-04 at sentencing created an opportunity for Sanchez to object, the court satisfied *Montoya's* oral pronouncement requirement.  *See United States v. Avendano-Soto*, 116 F.4th 1063, 1068 (9th Cir. 2024) (holding that the district court may satisfy *Montoya* through oral incorporation by reference to an applicable general order where the defendant receives notice of the general order in the PSR reviewed prior to sentencing).

---

[1] The government does not seek to enforce the appeal waiver in Sanchez's plea agreement to bar this appeal.  *See United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc) (appeal waivers are non-jurisdictional and forfeitable).  We therefore do not reach Sanchez's arguments against enforcement of the waiver.

To the extent Sanchez attempts to raise other constitutional challenges to the supervised release conditions, we do not consider these claims, which are beyond the scope of this court's prior briefing order and are not "specifically and distinctly raised and argued" in Sanchez's opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**