**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> DAE YONG LEE, AKA David Lee, <br><br> Defendant - Appellant. | No. 23-1687 <br><br> D.C. No. 2:20-cr-00326-JFW-5 <br><br> MEMORANDUM* |
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> 940 HILL, LLC, <br><br> Defendant - Appellant. | No. 23-1688 <br><br> D.C. No. 2:20-cr-00326-JFW-6 |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted November 21, 2024
Pasadena, California

Before: RAWLINSON, CHRISTEN, and JOHNSTONE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Dae Yong Lee and 940 Hill, LLC (collectively, Lee) appeal their convictions for honest services mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, 1346, bribery concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(2), and alteration of records in federal investigations in violation of 18 U.S.C. § 1519. Lee also appeals the district court's imposition of a maximum statutory fine. The government charged Lee with bribing Jose Huizar (Huizar), a Los Angeles City Councilmember, to use his influence and position on the Planning and Land Use Management Committee, which oversaw real estate development projects, to force a Labor Organization, to withdraw its appeal of Lee's planned project. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's judgments.

**1.** Because "there is no controlling authority on point" that Lee was entitled, under the First Amendment, to review the social media accounts of prospective jurors, the district court did not plainly err[1] in barring access to this information. *United States v. Kirst*, 54 F.4th 610, 620 (9th Cir. 2022) (citation omitted).

**2.** Reviewing *de novo* whether the district court properly applied the framework required by *Batson v. Kentucky*, 476 U.S. 79 (1986), *see United States v. Hernandez-Garcia*, 44 F.4th 1157, 1163 (9th Cir. 2022), *as amended*, we

---

[1] We review for plain error because Lee did not assert a First Amendment objection to the district court's ruling. *See United States v. Cazares*, 788 F.3d 956, 966 (9th Cir. 2015).

conclude that the district court did not err in rejecting Lee's challenge to the government's strike of an Asian prospective juror. The district court sufficiently addressed Lee's *Batson* claim in light of the prosecutor's uncontested and plausible explanation for striking the prospective juror. *See Hernandez-Garcia*, 44 F.4th at 1167. The district court committed no clear error in its factual finding that the prosecutor struck the prospective juror for a nondiscriminatory reason. *See id.* at 1163.

**3.** The district court did not abuse its discretion in excluding portions of a recorded conversation which Lee describes as conveying that he lacked knowledge that any of his funds were used to bribe Huizar. *See United States v. Shen Zhen New World I, LLC*, 115 F.4th 1167, 1185 (9th Cir. 2024) (explaining that "[w]e review for abuse of discretion a district court's evidentiary rulings") (citation omitted). The district court ruled that Lee's statements made after he knew that the federal government was investigating Huizar for bribery were intended to "establish that he did not commit the crimes." Had the district court admitted the excluded portions of the recording, Lee "would have been able to place his exculpatory statements before the jury without subjecting himself to cross-examination, precisely what the hearsay rule forbids." *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (citation and alteration omitted). In any event, any error was harmless because the "overwhelming evidence that [Lee]

participated in a bribery scheme with the requisite corrupt intent far outweighs the minimal scope of" the excluded portions of the recorded conversation. *Shen Zhen*, 115 F.4th at 1188.

The court also did not abuse its discretion in concluding that the rule of completeness did not require admission of this evidence. The excluded portions were not necessary "to correct a misleading impression in the edited statement." *United States v. Lopez*, 4 F.4th 706, 715 (9th Cir. 2021) (citation omitted); *see also* Fed. R. Evid. 106.

**4.** "We review for abuse of discretion a district court's formulation of the jury instructions but review de novo whether the instructions misstate the law and adequately cover the defense's theory of the case. . . ." *Id.* at 1180 (citations omitted).

The district court did not err in instructing the jury on honest services fraud, or in permitting the jury to determine the official act that Lee intended Huizar to perform in exchange for the bribe. *See McDonnell v. United States*, 579 U.S. 550, 573 (2016) (explaining that "[t]he jury may consider a broad range of pertinent evidence, including the nature of the transaction, to answer [the official acts] question"). George Esparza, a special assistant to Huizar who served as the "main middle person" in the bribery scheme, testified that Huizar "had the power . . . to kill [the Labor Organization's] appeal [of the 940 Hill Project] at the commission,"

and Huizar informed the lobbyist for the Labor Organization that he "would be voting against the appeal."[2]  The district court correctly instructed the jury to decide whether Lee intended Huizar to "make a decision or take an action *on* that question or matter" in exchange for Lee's bribe.  *Id.* at 572 (emphasis in the original).

The district court was not required to instruct the jury that, for a conviction under 18 U.S.C. § 666(a)(2), the government must prove that Lee bribed Huizar to engage in a specific, official act.[3]  *See Garrido*, 713 F.3d at 1001 (explaining that § 666 "makes no mention of an official act or a requirement that anything be given in exchange or return for an official act") (internal quotation marks omitted).[4, 5]

---

[2] The district court did not err in identifying Esparza as a public official in the jury instructions.  *See United States v. Kimbrew*, 944 F.3d 810, 814 (9th Cir. 2019) (recognizing that a public official may engage in an official act "by using his official position to exert pressure on *another* official to perform an official act") (citation and internal quotation marks omitted) (emphasis in the original).

[3] Although the Labor Organization may not have received federal funds, Lee does not dispute that the acts committed by Huizar as a city official were "in connection with state and local entities receiving federal funds." *United States v. Garrido*, 713 F.3d 985, 999 (9th Cir. 2013).

[4]  Although Lee maintains that *Garrido* has been "implicitly overruled" by *Snyder v. United States*, 603 U.S. 1 (2024), *Snyder* "is inapposite" for convictions under 18 U.S.C. § 666(a)(2) because it "concern[ed] an alleged bribe-taker . . . under 18 U.S.C. § 666(a)(1), not a bribe-giver under [18 U.S.C.] § 666(a)(2)." *Shen Zhen*, 115 F.4th at 1179 n.5.

[5]  Lee is not entitled to a new trial based on cumulative error because "many of [Lee's] alleged errors are not errors at all," and Lee "has not established that any

**5.** "Because [Lee] did not object below to the adequacy of the district court's explanation of its sentence, we review for plain error. . . ." *United States v. Avendano-Soto*, 116 F.4th 1063, 1068 (9th Cir. 2024) (citation omitted). The district court sufficiently considered Lee's sentencing position, and adequately explained that a maximum statutory fine was warranted "[i]n order to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence and to ensure that the amount of the fine [was] punitive."

**AFFIRMED.**

---

errors made his defense far less persuasive than it might otherwise have been." *United States v. Shih*, 73 F.4th 1077, 1102 (9th Cir. 2023) (citations and internal quotation marks omitted).