**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MAY 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. RODOLFO MORALES-CORTEZ, Defendant - Appellant. | No. 24-2193 D.C. No. 4:23-cr-50098-JGZ-MAA-1 MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, Chief District Judge, Presiding

Submitted May 14, 2025**
Phoenix, Arizona

Before: RAWLINSON, BUMATAY, and SANCHEZ, Circuit Judges.

Rodolfo Morales-Cortez (Morales-Cortez) appeals the district court's

imposition of a seven-month custodial sentence based on Morales-Cortez's guilty

plea to violating his supervised release conditions imposed for a prior illegal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reentry conviction.  We affirm.

**1.**  Morales-Cortez was sentenced for two separate offenses—illegal reentry in violation of 18 U.S.C. § 1326(a) and violation of supervised release conditions imposed for a prior illegal reentry conviction.  Morales-Cortez's plea agreement for his illegal reentry offense did not apply to his guilty plea to violating his prior supervised release conditions, and Morales-Cortez concedes that he "only appeals from the revocation judgment, not from the illegal-reentry judgment." *See United States v. Goodall*, 21 F.4th 555, 561 (9th Cir. 2021), *as amended* (explaining that "[w]e . . . will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face") (citation and internal quotation marks omitted).  Because the plea agreement did not apply to Morales-Cortez's sentence for violating his supervised release conditions, vacatur of that sentence is not warranted under plain error review.  *See United States v. Farias-Contreras*, 104 F.4th 22, 27-28 (9th Cir. 2024) (en banc).

**2.**  Morales-Cortez's revocation sentence was not procedurally unreasonable under plain error review.  The district court adequately considered the factors provided in 18 U.S.C. § 3553(a), adopted the presentence report, and sufficiently explained its imposition of a seven-month custodial sentence, which was below the sentence recommended by the government.  The district court confirmed that it "reviewed the memoranda that were submitted and the letters that were submitted

on behalf of" Morales-Cortez, and adequately addressed the request for a variance during the sentencing hearing. The district court, therefore, "made it clear that it had considered the 18 U.S.C. § 3553(a) factors, the presentence report, and statements by the parties in fashioning its sentence. Although the district court did not explain its reasoning in more detail, it was not required to do so." *United States v. Avendano-Soto*, 116 F.4th 1063, 1068-69 (9th Cir. 2024) (citations, alterations, and internal quotation marks omitted).[1]

**AFFIRMED.**

---

[1] The parties disagree on whether the district court relied on "clearly erroneous factual findings," namely the government's assertions that Morales-Cortez had "50 criminal history points" and "a history of drunk driving." The parties also dispute whether the sentencing transcript accurately reflects the government's assertions. However, the sentencing transcript does not reflect that the district court relied on the government's assertions when imposing the revocation sentence, and we discern no plain error in the district court's sentence at the low-end of the sentencing range.