NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDMUND ABORDO,

Defendant - Appellant.

No. 24-2093

D.C. No.
1:22-cr-00101-BLW-KJN-1

MEMORANDUM*

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDMUND ABORDO,

Defendant - Appellant.

No. 24-3250

D.C. No.
1:22-cr-00101-BLW-KJN-1

Appeal from the United States District Court
for the District of Hawaii
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted October 6, 2025
Honolulu, Hawaii

Before: McKEOWN, FRIEDLAND, and SUNG, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant Edmund Abordo pled guilty to Wire Fraud and Aggravated Identity Theft in violation of 18 U.S.C. § 1343 and § 1028A. He was sentenced to a term of 40 months in prison and three years of supervised release and ordered to pay $64,050 in restitution. Abordo challenges the district court's denial of his pro se motions to withdraw his guilty plea and to represent himself during his restitution hearing. Abordo also contends that the district court failed to adequately explain his sentence and erred in imposing certain supervised release conditions. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm in part, vacate in part, and remand.

1. The district court did not abuse its discretion in denying Abordo's motion to withdraw his guilty plea. *See United States v. Hernandez*, 105 F.4th 1234, 1238 (9th Cir. 2024); Fed. R. Crim. P. 11(d)(2)(B). Abordo's contention that his guilty plea was not knowing and voluntary is belied by the record. The district court conducted a thorough Rule 11 colloquy during which Abordo confirmed that he had not been threatened or forced in any way to plead guilty and that he admitted to each element of the crimes to which he pleaded guilty. *See United States v. Nostratis*, 321 F.3d 1206, 1209 (9th Cir. 2003).

Abordo's "dissatisfaction with the way his trial counsel had handled his defense" also does not constitute a fair and just reason for withdrawing his plea. "When the basis for withdrawal is erroneous or inadequate legal advice, the

defendant's burden is . . . to show that proper advice 'could have at least plausibly motivated a reasonable person in [the defendant's] position not to have pled guilty had he known about the [grounds for withdrawal] prior to pleading.'" *United States v. Mayweather*, 634 F.3d 498, 504 (9th Cir. 2010) (second and third alterations in original) (quoting *United States v. Garcia*, 401 F.3d 1008, 1011-12 (9th Cir. 2005)). Abordo has made no such showing here. *See United States v. Briggs*, 623 F.3d 724, 729 (9th Cir. 2010).

2. Abordo argues that the district court violated the Sixth Amendment by denying Abordo's request to represent himself at his restitution hearing without conducting a *Faretta* hearing.[1] We need not decide whether the district court erred because we conclude that any error was harmless. *See United States v. Maness*, 566 F.3d 894, 897 (9th Cir. 2009) ("[A]n improper denial of a defendant's motion to proceed pro se at sentencing, rather than at trial, is not a structural error and is thus subject to harmless error analysis."); *United States v. Shehadeh*, 962 F.3d 1096, 1100 (9th Cir. 2020) ("[R]estitution is an aspect of sentencing . . . ."). As in *Maness*, it is "clear beyond a reasonable doubt" that the district court's denial of Abordo's self-representation request was not prejudicial here because the district

---

[1] "We have not yet clarified whether denial of a request to proceed pro se is reviewed de novo or for abuse of discretion," *United States v. Maness*, 566 F.3d 894, 896 n.2 (9th Cir. 2009), but we need not resolve that issue here given our conclusion that any error was harmless.

court permitted Abordo "to file briefs and motions pro se," and, at the restitution hearing, Abordo was able to question the Government's witness and directly address the court. 566 F.3d at 897.

3. Abordo next argues that the district court inadequately explained Abordo's sentence. It is procedural error for the district court "to fail adequately to explain the sentence selected, including any deviation from the Guidelines range." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Abordo raised no objection at sentencing, so we review for plain error. *United States v. Avendano-Soto*, 116 F.4th 1063, 1066 (9th Cir. 2024). The district court did not explain its reasons for deviating from the Sentencing Guidelines range of 30 to 36 months—or acknowledge that it had departed from that range—when it imposed a 40-month sentence. Because the Government's argument in favor of imposing the upward variance from the guidelines range relied in large part on its contention that an official victim enhancement should apply, which the Government now concedes it should not have, there is a "reasonable probability" that Abordo may have received a different sentence "had the district court given a more complete explanation." *Id.* at 1069. We therefore vacate the sentence and remand for resentencing. *See United States v. Lillard*, 57 F.4th 729, 737 (9th Cir. 2023).

4. The district court also plainly erred by inadequately explaining its reasons for imposing sex offender-related conditions of supervised release. "[W]hen we

consider a condition of supervised release meant to address a defendant's history of sexual misconduct," we assess "whether the condition is reasonably necessary to accomplish one of the legitimate goals of supervised release." *United States v. Hohag*, 893 F.3d 1190, 1193 (9th Cir. 2018). "Supervised release conditions predicated upon twenty-year-old incidents, without more, do not promote the goals of public protection and deterrence." *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003). Here, Abordo's sex offenses are over thirty years old,[2] and, unlike in *United States v. Johnson*, 697 F.3d 1249, 1251 (9th Cir. 2012), there is no "*recent* event suggest[ing] that [Abordo] still poses a risk of engaging in sexual misconduct." *Hohag*, 893 F.3d at 1193. The district court did not explain its reasons for imposing the sex offender supervised release conditions. That error affected Abordo's substantial rights because there is a "reasonable probability" that the imposition of sex offender release conditions was based solely on Abordo's thirty-year-old convictions, or that Abordo may have received different release conditions "had the district court given a more complete explanation." *Avendano-Soto*, 116 F.4th at 1069. On remand, if the district court believes that reimposing those conditions would appropriately accomplish the goals of supervised release, it should explain why.

---

[2] To the extent this memorandum reveals sealed information, we unseal that information for purposes of this disposition only.

5. Lastly, Abordo contends that the district court erred in imposing Standard Condition 7 because that employment condition is unconstitutionally vague. We disagree.[3] Abordo takes issue with the condition's use of the word "substantial," but that term is commonly used throughout the law and is not "so vague that it fails to provide people of ordinary intelligence with fair notice of what is prohibited." *United States v. Gibson*, 998 F.3d 415, 419 (9th Cir. 2021) (quoting *United States v. Sims*, 849 F.3d 1259, 1260 (9th Cir. 2017)).

**AFFIRMED** in part, **VACATED** in part, and **REMANDED**.

---

[3] Because we would reach the same result as to Abordo's supervised release conditions regardless of whether we review de novo or for plain error, we need not decide which standard of review applies.