NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> LEONARD GLENN FRANCIS, <br><br> Defendant - Appellant. | No. 24-7001 <br><br> D.C. No. 3:13-cr-03781-JLS-1 <br><br> MEMORANDUM[*] |
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> LEONARD GLENN FRANCIS, <br><br> Defendant - Appellant. | No. 24-7003 <br><br> D.C. No. 3:13-cr-03782-JLS-1 |
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> LEONARD GLENN FRANCIS, <br><br> Defendant - Appellant. | No. 24-7008 <br><br> D.C. No. 3:13-cr-04287-JLS -1 |

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| UNITED STATES OF AMERICA, | No. 24-7034 |
| Plaintiff - Appellee, | D.C. No. 3:24-cr-02313-JLS-1 |
| v. | |
| LEONARD GLENN FRANCIS, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted December 10, 2025
Pasadena, California

Before: M. SMITH, CHRISTEN, and FORREST, Circuit Judges.

Leonard Francis, the former Chief Executive Officer of Glenn Defense Marine Asia (GDMA), appeals his sentence for masterminding one of the largest bribery and fraud schemes in Navy history. Francis pleaded guilty to one count of conspiracy to commit bribery, in violation of 18 U.S.C. § 371; one count of bribery, in violation of 18 U.S.C. §§ 201(b)(1)(A) and (C); one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; and one count of failure to appear for sentencing, in violation of 18 U.S.C. § 3146. He now challenges his sentence on three grounds: (1) that the district court procedurally erred by failing to explicitly address all of his sentencing arguments; (2) that his sentence is substantively unreasonable; and (3) that the district court violated his

Fifth Amendment right against self-incrimination by commenting on the lack of an explanation as to how Francis managed to flee the country prior to his original sentencing hearing. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm Francis's sentence.

Where the defendant does not "object below to . . . the procedural correctness of his sentence," we review for plain error, but "[e]ven in the absence of an objection, we review the substantive reasonableness of a sentence for abuse of discretion." *United States v. Avendano-Soto*, 116 F.4th 1063, 1066 (9th Cir. 2024). We review unpreserved Fifth Amendment claims for plain error. *See United States v. Perez*, 962 F.3d 420, 454 (9th Cir. 2020)

1. The district court's sentencing decision is procedurally sound if it "set[s] forth enough to satisfy the appellate court that [s]he has considered the parties' arguments and has a reasoned basis for exercising [her] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). There is no procedural error where an "'adequate explanation' may 'be inferred from the [presentence report] or the record as a whole.'" *United States v. Flores*, 725 F.3d 1028, 1041–42 (9th Cir. 2013) (quoting *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008)). Considering the district court's oral reasoning alongside its review of the parties' sentencing briefs and oral arguments, it is clear the district

court "considered the parties' arguments. . . and ha[d] a reasoned basis for" rejecting Francis's sentencing arguments. *Rita*, 551 U.S. at 356.

2. In evaluating substantive reasonableness, we inquire "whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc) (internal quotation marks omitted). This is especially true where the district court is particularly familiar with the relevant facts underlying the sentencing inquiry. *See United States v. Carter*, 560 F.3d 1107, 1117–18 (9th Cir. 2009).

Francis's sentence is not substantively unreasonable. First, his sentence is not disproportionate to the other sentences imposed in the GDMA bribery and fraud cases. Despite the many other convictions related to the GDMA conspiracy, those "co-conspirators presented very different circumstances." *Ressam*, 679 F.3d at 1094. Namely, Francis was the "mastermind" of the entire operation, and he fled the country prior to his original sentencing date. Second, the district court appropriately weighed Francis's medical needs against the other sentencing factors in making its determination. That it did not afford those medical needs as much weight as Francis would prefer does not render the district court's analysis an abuse of discretion. Finally, his U.S.S.G. § 5K1.1 argument is unavailing. While Francis is correct that § 5K1.1 requires the district court to give "[s]ubstantial

weight . . . to the government's evaluation" of his cooperation, *United States v. Awad*, 371 F.3d 583, 586–87 (9th Cir. 2004) (quoting U.S.S.G. § 5K1.1, cmt. 3), that does not bind the district court to the government's sentencing recommendation. Instead, the district court must weigh that cooperation alongside all other sentencing factors in determining a sentence. Taken together, the district court's assessment of the relevant facts and the governing law was not an abuse of discretion. *See United States v. Whitehead*, 532 F.3d 991, 993 (9th Cir. 2008) (recognizing that district courts are "'in a superior position' to find the relevant facts and to 'judge their import'" (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007))).

3. The district court did not plainly violate Francis's Fifth Amendment privilege against self-incrimination when it commented at sentencing on Francis's perceived silence regarding the details of his failure to appear. On the record here, the meaning of the district court's challenged statements is ambiguous. Thus, we cannot conclude that any Fifth Amendment error that may have occurred was plain. *See United States v. Zhou*, 838 F.3d 1007, 1011 (9th Cir. 2016) ("At a minimum, an error that hinges on a factual dispute is not 'obvious' as required by the 'plain error' standard.").

**AFFIRMED.**